**WING WA LEE, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 21060.**

United States Court of Appeals
Ninth Circuit.

March 28, 1967.

Milton T. Simmons, Donald L. Ungar, Phelan, Simmons & Ungar, San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., Nicholas deB. Katzenbach, Atty. Gen. of U. S., Dept. of Justice, Washington, D. C., Joseph Sureck, Regional Counsel, INS, San Pedro, Cal., Steve Suffin, Atty., INS, San Francisco, Cal., for respondent.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

BARNES, Circuit Judge:

Petitioner Wing Wa Lee is a native and citizen of China, born in Shanghai. Apparently having fled from the Communist conquest of mainland China, he lived in Hong Kong from 1948 to 1953 when he was deported to Macao by British authorities. In 1954 he returned to Hong Kong. In 1958 he went to sea under seaman's papers issued by Hong Kong authorities. His wife and four children live in Macao.

On or about September 30, 1962 Wing Wa Lee entered the United States as a crewman, being authorized to stay so long as his vessel remained in port, but in no event more than 29 days. He did not depart with his ship but remained in this country. Deportation proceedings were begun against him on April 5, 1963, and he was ordered deported to the Republic of China (Formosa) or Macao. Neither government was willing to accept him, so on May 19, 1965 he was ordered deported to Hong Kong.

On October 3, 1965 the Immigration and Nationality Act was amended by Pub.L. 89–236, 79 Stat. 911 (1965). Of particular interest is the new section

203(a) (7) (8 U.S.C. § 1153(a) (7)) which provides, inter alia, that refugees from Communism shall have a preference in the form of conditional entries into the United States. The section ends with the provision:

> "*Provided*, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status." [1]

Petitioner Wing Wa Lee wants to bring himself within the refugee provisions of section 203(a) (7). Since he has been in this country for more than two years, he would like to obtain an immigrant visa under the proviso just quoted. In order to do so, he attempted to make an application for adjustment of status, and moved that the proceedings be reopened for that purpose. The petition was denied, and Wing Wa Lee has petitioned for review of that denial. We have jurisdiction under 8 U.S.C. § 1105a. See Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), reversing 308 F.2d 347 (9th Cir. 1962).

Wing Wa Lee contends that he has the right to file an application for adjustment of status under section 203(a) (7). The government contends that the application for adjustment of status must be filed under section 245 (8 U.S.C. § 1255), which specifically excludes from such consideration aliens who entered the country as crewmen. The parties ask us to decide whether the adjustment of status referred to in section 203(a) (7)

is necessarily the procedure of section 245. The facts of this case do not require us to decide this particular question, so we decline to express any opinion on it.

■ Section 203(a) (7) does not create any new procedure for adjustment of status; it merely refers to the application for such adjustment as a reference point for determining the period of presence in the United States. Congress has been both very careful and very specific in authorizing the Attorney General to adjust the status of aliens. Note the rigid limitations of sections 244 (8 U.S.C. § 1254), 245 (8 U.S.C. § 1255), 247 (8 U.S.C. § 1257), and 249 (8 U.S.C. § 1259). [2] It is clear that in section 203 (a) (7) Congress was providing for the immigration of refugees and not defining any new method of adjustment of status. There is no language in section 203(a) (7) which authorizes the Attorney General to adjust any alien's status. Adjustment provisions must be found somewhere other than section 203(a) (7).

■ The government argues that the reference of section 203(a) (7) to adjustment of status is exclusively to the procedure and requirements of section 245. [3] As mentioned above, we find it unnecessary to consider whether section 245 is the exclusive method of adjustment of status within section 203(a) (7). But see Tai Mui v. Esperdy, 371 F.2d 772 (2d Cir. 1966) (petition for certiorari pending). It is unnecessary because petitioner cannot bring himself within *any* adjustment of status provision: (1) he has not been physically present in the United States for seven years, nor has he served in the Armed Forces of the United States, so section 244 does not apply;

---

1. Apparently the difference between an immigrant visa and a conditional entry is that if the alien is found undesirable he can be "excluded" under a conditional entry but must be "deported" under an immigrant visa. The difference is not relevant to our disposition of this case.

2. Petitioner argues that section 249 is an adjustment of status provision, though not so entitled. For the disposition of this case we can assume, for the sake of

argument, that section 249 is such a provision.

3. We note, as did the government, the legislative history of the 1965 amendment to section 203(a) (7) with its statement: "It is contemplated that such adjustments will be made under section 245 of the Immigration and Nationality Act." S.Rep. No. 748, 89th Cong., 1st Sess. (1965), U.S.Code Congressional and Administrative News, p. 3341.

(2) he is an alien crewman, so his status cannot be adjusted under section 245; (3) he is not an alien lawfully admitted for permanent residence, so section 247 does not apply; and (4) he did not enter the United States prior to June 30, 1948, so section 249 does not apply.

Petitioner's motion to reopen was denied on the ground that he was barred under section 245 from having his status adjusted. While we do not decide that section 245 is necessarily the only adjustment of status provision within the meaning of section 203(a) (7), since we have found that petitioner's status cannot be adjusted under any provision of the Immigration and Nationality Act, the denial of the motion to reopen will be affirmed.

Affirmed.