**CHENG HO MUI and Pun Yi Pan,**
**Appellants,**

**v.**

**Dominick RINALDI, as District Director**
**of the Immigration and Naturaliza-**
**tion Service of New Jersey.**

**No. 16393.**

United States Court of Appeals
Third Circuit.

Argued Feb. 20, 1969.

Decided March 10, 1969.

Certiorari Denied June 16, 1969.
See 89 S.Ct. 2101.

Jules E. Coven, Lebenkoff & Coven, New York City (Louis Ort, Newark, N. J., on the brief), for appellants.

Thomas, J. Alworth, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before VAN DUSEN, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellants are Chinese nationals who escaped from mainland China and arrived in the United States in 1964 and 1965 as crewmen aboard a merchant vessel. When they overstayed the 29-day period allowed for alien seamen, they were given deportation hearings and ordered deported. They sought relief in the District Court where summary judgment was entered against them on motion of the district director of immigration.

The issue posed by this appeal involves a consideration of Section 203(a)(7) of the Immigration and Nationality Act [1] which provides for conditional entries into the United States by refugees following application to an Immigration and Naturalization Service officer "in any non-Communist or non-Communist dominated country", and also provides for the issuance of visas to certain refugees "who have been continuously present in the United States for a period of at least two years prior to the application for the adjustment of status".

Pursuant to the statutory directive, the Attorney General has promulgated regulations to administer these provisions, one of which, 8 C.F.R. § 235.9, establishes immigration service officers to process refugee applications in the following

1. 8 U.S.C.A. § 1153(a) (7).

countries: Austria, Belgium, France, Germany, Greece, Italy, and Lebanon.

Conceding that they were not continuously present in the United States for two years prior to the commencement of these proceedings, the appellants' claim for relief is based on two separate contentions: (1) the respondent, being the District Director of Immigration at Newark, New Jersey, is authorized to grant a conditional entry because he is an immigration service officer in a "non-Communist or non-Communist dominated country" and if he is not so authorized, then C.F.R. § 235 is invalid for failure to list the United States as such a country; (2) in the alternative, they argue that the regulation is invalid because it failed to designate an officer in the Far East to whom the appellants could have applied for relief after escaping from China.

■■ Because these identical arguments were presented and effectively answered in Tai Mui v. Esperdy, 371 F.2d 772 (2 Cir. 1966), cert. denied 386 U.S. 1017, 87 S.Ct. 1372, 18 L.Ed.2d 454 (1967), we incorporate the following appropriate portions of Judge Friendly's opinion:

"[Appellants] * * * position is that the regulations dealing with conditional entries, 8 C.F.R. § 235.9, are invalid for failure to list the United States as a non-Communist or non-Communist-dominated country where an alien may apply, be examined, and be granted a conditional entry with the consequent feasibility of his departure to another country from which he can enter the United States. At the very least, the plaintiffs contend, the regulations are arbitrary in listing only countries in Europe and the Middle East and excluding any in the Orient as places where applicants may be examined.

"The first branch of the argument is quite unpersuasive. The natural reading of § 203(a) (7) is that it accorded preference to two categories of refugees, those who were abroad and were seeking entry into the United States, and those who had already been here for two years. The 'conditional entry' device was designed for the first group, the procedure of making a visa available in lieu of a conditional entry was intended for the second, and the obvious *casus omissus*—refugees here for less than two years—simply did not fall within the preferential scheme. If Congress had intended that refugees within this country not qualifying under the proviso for lack of two years residence should nevertheless be entitled to obtain in the United States the same treatment as those seeking entry from abroad, it would have found some way of saying this less awkward and susceptible to misinterpretation than including the United States under the rubric of 'any non-Communist or non-Communist-dominated country.' Furthermore, the House and Senate Committees said that the conditional entry procedure was 'not unlike the parole procedure utilized during the existence of the so-called Fair Share Act (sec. 212(d)(5)) and it is intended that the procedure remain the same,' the new term having been developed in order to avoid 'a connotation unfavorable to the alien.' H.R. Rep. No. 745 at 15, and S.Rep. No. 748 at 17, 89th Cong. 1st Sess. (1965), the latter reprinted in 1965 U.S.Code Cong. & Adm.News, pp. 3328, 3335. That statute had provided that the Attorney General 'may parole into the United States, pursuant to such regulations as he may prescribe' an alien refugee-escapee who '(1) applies for parole while physically present within the limits of any country which is not Communist, Communist-dominated, or Communist-occupied * * *,' 74 Stat. 504 (1960). The regulations promulgated by the Attorney General pursuant to this grant of authority were nearly identical with those challenged by petitioners here, permitting application for parole to be made only to 'the nearest office of the Service *in Europe*,' which applications were to be approved 'by an officer in charge *outside the United States*.' 8 C.F.R. § 212.5 (1965) (emphasis added). If we would

otherwise have had any doubts as to the consistency of 8 C.F.R. § 235.9 with congressional intent, this would resolve them.

"Turning to the second branch of the argument, namely, that the regulation is invalid for failure to designate an officer in the Far East, we encounter the difficulty that even if we thought the claim well-founded, we could hardly direct the Attorney General to supply the office the plaintiffs want. The only recourse open to the courts would thus appear to be to stay deportation of all Chinese refugees who seek conditional entries until such an office was established or, for those who were eligible, they met the two year test of the proviso—strong medicine, indeed. Before seriously considering any such confrontation with the executive branch, we would require far weightier evidence or arbitrary action than has been presented. A letter from the Legal Adviser of the Department of State to the Assistant Attorney General in charge of the Criminal Division explains:

'Under the Act of July 14, 1960, commonly referred to as the "Fair Share" refugee law, the examination of refugees who made application for parole was limited to seven countries, namely Austria, Belgium, France, Germany, Greece, Italy and Lebanon, whose governments had consented, pursuant to an agreement reached with the Department of State, to the presence of United States immigration officers within their respective territories for the purpose of examining applicants for parole into this country as refugees, and also to the return to such country within a period of two years of any refugees found to be statutorily inadmissible into the United States. The Congress was aware of these arrangements when it enacted Section 203(a) (7) of Public Law 89–236, and, at the same time, repealed Sections 1, 2 and 11 of the Act of July 4, 1960. * * * Consequently, the former procedures have been continued in force to facilitate the conditional entry of refugees under Section 203(a) (7). The Secretary of State and the Attorney General have agreed, however, that if it should develop later that any changes in these procedures are desirable, they will be promptly effected upon agreement between the Department of State and the Department of Justice.' * * * *"
(Footnotes omitted; emphasis supplied in original.)

■ Another serious obstacle stands in the way of the appellants. They are alien crewmen. Even if they were permitted valid, conditional' entry into the United States, they would be precluded from filing for a subsequent adjustment or status under Section 245 of the Immigration and Nationality Act, 8 U.S. C.A. § 1255, which specifically provides:

"The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General * * *."

Section 203(a) (7) does not create any new procedure for the adjustment of status; it simply provides a means of entering the United States. It appears that the appellants cannot bring themselves within any adjustment of status provision of the Immigration and Nationality Act because: (1) they have not been physically present in the United States for seven years nor have they served in the United States Armed Forces under the provisions of Section 244 (8 U.S.C.A. § 1254(a)); (2) they are alien crewmen whose status cannot be adjusted under Section 245 (8 U.S.C.A. § 1255); (3) they are not aliens lawfully admitted for permanent residence under Section 247 (8 U.S.C.A. § 1257); and (4) they did not enter the United States prior to June 30, 1948, under Section 249 (8 U.S. C.A. § 1259).

We find the appellants to be in the same position as was the petitioner in Wing Wa Lee v. Immigration and Naturalization Service, 375 F.2d 723 (9 Cir. 1967), also involving an alien crewman,

where the court held there was no qualification under any adjustment of status provision.

The judgment of the District Court will be affirmed.