**LUEN KWAN FU, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 702, Docket 34061.**

United States Court of Appeals, Second Circuit.

Argued April 10, 1970.

Decided Sept. 14, 1970.

---

Jules E. Coven, Abraham Lebenkoff, Martin Greenberg, Lebenkoff & Coven, New York City, for petitioner.

T. Gorman Reilly, Asst. U. S. Atty., Stanley H. Wallenstein, Gen. Atty., INS, Whitney North Seymour, Jr., U. S. Atty., for respondent.

Before WATERMAN, FRIENDLY and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge:

Luen Kwan Fu, an alien crewman, petitions this court for review of a final determination of the Board of Immigration Appeals (Board). The Board's order dismissed the alien's appeal from a decision of a Special Inquiry Officer (SIO) which had denied his motion to reopen his deportation proceedings so that he could apply for status adjustment under the proviso of §§ 203(a) (7) and 245 of the Immigration and Nationality Act (8 U.S.C. §§ 1153(a) (7) and 1255). We have jurisdiction of this petition pursuant to § 106(a) of the Immigration and Nationality Act (8 U.S.C. § 1105a), which makes the procedure prescribed by, and the provisions of, 28 U. S.C. §§ 2341–2351 (formerly 5 U.S.C. §§ 1031–1042) the sole and exclusive procedures to be utilized for the purpose of testing the validity of final administrative orders of the character herein sought to be reviewed.

Petitioner, a native of China and a citizen of the Republic of China on Formosa, entered the country on October 27, 1964, as a non-immigrant crewman and was permitted to remain here as long as his vessel stayed in port but in no event for a longer period of time than twenty-nine days. 8 U.S.C. § 1282. Petitioner, however, deserted his ship and has remained illegally in this country ever since. In May 1968, after the Immigration and Naturalization Service took steps to deport petitioner, petitioner conceded he was deportable but requested the privilege of voluntary departure without expense to the Government. On May 21, 1968 a Special Inquiry Officer granted petitioner the privilege of voluntary departure on or before June 30, 1968 but if he remained beyond that time alternative orders deporting him to Singapore, to the Republic of China on Formosa, or to Hong Kong were to become effective. Petitioner waived his right to appeal this order, it became final, and it is not reviewable by this court. Instead of voluntarily leaving the country as he had promised, petitioner remained here and a warrant of deportation was issued on July 8, 1968.

Before deportation could be effected a private bill to grant petitioner admission to the country was introduced in Congress on his behalf. Out of respect for the Congress the Service stayed deportation pending congressional action. The bill finally failed of passage and the Service took steps to effect petitioner's deportation. Petitioner then submitted to the Service a motion to reopen the deportation proceedings so as to permit him to apply for adjustment of his status from that of an alien seaman deportee to that of a "seventh preference" alien refugee under § 203(a) (7). He supported this motion by alleging that he had fled from Communist China in 1959 and that he was unwilling to return.

Deportation proceedings having been initiated against petitioner the jurisdiction to entertain this application vested in the Special Inquiry Officer. 8 C.F.R. § 245.2(a) (1).

Petitioner also attached to his motion papers a fully completed INS form, Form I–590A, "Application for Classification as a Refugee." By regulation, 8 C.F.R. § 245.4, the District Director is

charged with determining the refugee status of an alien present within the United States. So this form was detached from petitioner's petition to reopen the deportation proceedings and it was forwarded to the District Director.

As stated at the outset of our discussion, petitioner seeks to have us review the denial of his petition to reopen his deportation proceedings. We deny the petition to review.

■ The District Director did not act upon petitioner's "Application for Classification as a Refugee." Although petitioner concedes he is deportable he alleges that, because of the District Director's failure to act upon this application, he has been in some way, obscure to us, deprived of due process in the Section 106(a) deportation proceeding that culminated in the final order of the Board denying his petition for a stay of his deportation, the order before us for our consideration. There is no merit whatever to this contention.

When Congress amended the Immigration and Nationality Act in 1965 it devised a statutory pattern designed to preserve procedural due process for the benefit of aliens charged with being illegally in this country and, as such, liable to deportation. This pattern has been examined and considered by the Su-

preme Court in Cheng Fan Kwok v. I.N.S., 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968) and in cases in the Courts of Appeals, as for example, in Tai Mui v. Esperdy, 371 F.2d 772 (2 Cir.1966), cert. denied, 386 U.S. 1017, 87 S.Ct. 1372, 18 L.Ed.2d 454; Wong Pak Yan v. Rinaldi, 429 F.2d 151 (3 Cir. 1970); Cheng Ho Mui v. Rinaldi, 408 F.2d 28, 30 (3 Cir.), cert. denied, 395 U.S. 963, 89 S.Ct. 2101, 23 L.Ed.2d 748 (1969); Wing Wa Lee v. I. N. S., 375 F.2d 723, 724 (9 Cir.), cert. denied, 389 U.S. 856, 88 S.Ct. 72, 19 L.Ed.2d 121 (1967). Moreover, in *Cheng Fan Kwok, supra,* and in great detail and with outstanding clarity in *Tai Mui, supra,* this pattern has been expertly analyzed and explicated.[1] We need but refer to the discussion in those cases by the learned jurists who wrote those opinions to dispose of petitioner's desire to have us hold that the limitation of § 245 which makes an adjustment of status, available to some resident aliens, unavailable to an alien crewman violates the Fifth Amendment.

Indeed, except for the claim that the failure of the District Director to act upon the petition presented to him, a claim not reviewable by us at this time, see 392 U.S. 217, 218, 88 S.Ct. 1970, somehow prejudices petitioner,[2] petition-

1. As pointed out by Justice Harlan in *Cheng Fan Kwok, supra* at 212, 88 S.Ct. at 1974, the Immigration and Nationality Act is " 'a statute addressed entirely to specialists.' " We realize this and therefore do not spell out in text or in footnote the language of the several statutes and regulations which have been spelled out in the cases to which we have just referred. They are well known to counsel for, indeed, petitioner's counsel was counsel of record in *Tai Mui* and all the other cases we have cited except the one from the Ninth Circuit and is counsel in 19 other Chinese crewmen cases decided by us this day, see Cheung Chan et al. v. Immigration and Naturalization Service, 431 F.2d 77.

2. We utterly fail to see what benefit petitioner would derive from an approval of his "Application for Classification as a Refugee." Such an application, if ap-

proved by a District Director, would satisfy but one of several conditions that must be satisfied before a Special Inquiry Officer may adjust an alien's status in this country. Among these other conditions is one that the alien who is seeking status adjustment not be a deserting alien seaman who "jumped ship" while his vessel was in a United States port. Although § 203(a) (7) provides an alternative method by which an alien who is abroad may secure a seventh preference status and thereby gain "conditional entry" into this country from a foreign country, the regulations require that INS officials in certain designated foreign countries pass upon such applications for conditional entry. Approval of the application here presented to the District Director would not stay petitioner's deportation or relieve petitioner of the requirement of making his application for conditional entry to an INS official in one

er is in precisely the same position as that which the Chinese crewman, Woo Cheng Hwa, one of the four petitioners in Tai Mui v. I. N. S., *supra,* sought to convince us deserved relief.

We denied the petition to review the refusal to stay the deportation of Woo Cheng Hwa, and our action in his case furnishes us a direct precedent for denying a review of the refusal to stay the deportation of Luen Kwan Fu. We quote from Tai Mui v. Esperdy, *supra,* at 776:

> Woo Cheng Hwa entered the United States as a crewman in June 1963 and was ordered in 1965 to be deported to the Republic of China on Taiwan, being given until April 1, 1966 to depart voluntarily. Having been directed to surrender for deportation, he moved to reopen the deportation proceedings to adjust his status to that of a permanent resident, contending that he was entitled to this relief by reason of the proviso to § 203(a) (7) despite his lack of the refugee classification approved by the District Director required by 8 C.F.R. § 245.-1(d). Denial by a Special Inquiry Officer and dismissal of his appeal by the Board of Immigration Appeals

followed in short order. He here seeks review under § 106(a).

██ Nothing in the Act or in the regulations prevents the Special Inquiry Officer from disapproving an alien's application for status adjustment or from denying an alien's motion to reopen deportation proceedings in order to obtain time to adjust status, prior to action by the District Director upon an application by that alien for classification as a refugee. See 8 C.F.R. § 245.1(d).[3] Nor do we find any constitutional infirmity because this is so. When, regardless of the content of a deserting crewman's application to the District Director for Refugee Classification, it is perfectly clear that the crewman cannot obtain a "seventh preference" status adjustment because, as a deserting alien crewman, he is ineligible for such an adjustment, the Special Inquiry Officer need not delay his disposition of the alien's application in order to await the District Director's action, and he may deny the applicant the relief he seeks.

█ At oral argument petitioner also reiterated the contention we rejected in Tai Mui v. Esperdy, *supra* at 779–781, that the regulation designating

---

of the designated countries. Moreover, whatever the District Director's disposition of the application, it would not relieve or prevent an INS official abroad from determining whether the applicant is qualified for conditional entry as a refugee.

Petitioner also argues that a determination by the District Director that he is in fact a refugee will make it easier for him to secure a second time the privilege of voluntary departure, the privilege once granted him and which he deliberately forewent in order to stay in the United States illegally. He indicates that, classified as a refugee, he would move the Special Inquiry Officer to reopen his deportation proceedings in order to award him reinstatement of the voluntary departure privilege. Apart from the dubious contention that one who has once been granted the privilege of voluntary departure, and has chosen to renege on his promise to depart, would have a better opportunity to secure a second chance and again be granted the privilege, peti-

tioner has not been foreclosed from demonstrating to the Special Inquiry Officer that he has all the indicia of a refugee; for this purpose, it is immaterial whether he has or has not secured a favorable determination by the District Director of his refugee status. Petitioner thus misconstrues the purpose and effect of the District Director's role in passing upon an "Application for Classification as a Refugee." Such an application is only a prelude to securing status adjustment, not a prelude to securing the privilege of voluntary departure.

3. Section 245.1(d) provides in part:
   * * * An alien who claims preference status under the proviso to section 203 (a) (7) of the Act is not eligible for the benefits of section 245 of the Act and as provided in § 245.4, unless the district director has approved the alien's Application for Classification as a Refugee under the Proviso to Section 203(a) (7), Immigration and Nationality Act.

countries where applications for "conditional entry" may be brought and processed, 8 C.F.R. § 235.9(a) is arbitrary, and therefore invalid, because it fails to provide an office in any country in the Orient where applicants may be examined. We do not view the situation as significantly altered from what it was in 1966 to conclude that Chinese refugees are victims of any discrimination by the Attorney General. See Cheng Ho Mui v. Rinaldi, *supra*.

The petition to review is denied.