429 F.2d 151
 WONG PAK YAN, Appellant,
v.
Dominick RINALDI, as District Director of the Immigration
and NaturalizationService of New Jersey.
WU CHUN HIN, Appellant,
v.
Dominick RINALDI, as District Director of the Immigration
and NaturalizationService of New Jersey.
 Nos. 18281, 18282.
 United States Court of Appeals, Third Circuit.
 Argued May 7, 1970.
Decided June 25, 1970, Certiorari Denied Nov. 9, 1970, See
91 S.Ct. 140.
 
 Jules E. Coven, Lebenkoff & Coven, New York City, (Louis Ort, Union, N.J., Abraham Lebenkoff, New York City, on the brief) for appellants.
 Thomas J. Alworth, Asst. U.S. Atty., Newark, N.J. (Frederick B. Lacey, U.S. Atty., Newark, N.J., on the brief), for appellees.
 Before MARIS, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 MARIS, Circuit Judge.
 
 
 1
 The plaintiffs are aliens who claim to be refugees from the Communist controlled Peoples Republic of China. They entered the United States as crewmen in 1966 and 1964, respectively. Having overstayed the period of 29 days during which they were lawfully entitled to remain in this country, they were subsequently called upon to surrender for deportation and were ordered deported to Hong Kong. Prior to the entry of the deportation orders they applied for reclassification as refugees and for admission for permanent residence under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended. They also asked for stays of their deportation pending action on these applications. The applications were refused by the defendant on the ground that by the express provisions of section 245.4 of the Immigration Regulations such reclassification was governed by section 245 of the Act, which specifically excludes alien crewmen from reclassification. The plaintiffs thereupon filed complaints in the District Court for the District of New Jersey seeking judgment declaring that the plaintiffs were entitled to apply for adjustment of their immigration status pursuant to section 203(a)(7) and were statutorily entitled to such relief and further declaring that the regulations which in effect deny them such relief are illegal and void. The complaints also asked that the defendant be restrained from deporting them pendente lite.
 
 
 2
 Section 203(a)(7) of the Immigration and Nationality Act as amended by the Act of October 3, 1965, Pub.L. 89-236, 3, 79 Stat. 913, provides as follows:
 
 
 3
 '(7) Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 201(a)(ii), to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, or (II) from any country within the general area of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; or (B) that they are persons uprooted by catastrophic natural calamity as defined by the President who are unable to return to their usual place of abode. For the purpose of the foregoing the term 'general area of the Middle East' means the area between and including (1) Libya on the west, (2) Turkey on the north, (3) Pakistan on the east, and (4) Saudi Arabia and Ethiopia on the south: Provided, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment justment of status.' 8 U.S.C.A. 1153(a)(7).
 
 
 4
 Section 235.9 of the Immigration Regulations, prescribed by the Commissioner of Immigration and Naturalization under the Act, 8 CFR 235.9, provides that the countries in which applications for conditional entry under section 203(a)(7) may be made to officers of the Service are Austria, Belgium, France, Germany, Greece, Italy and Lebanon.
 
 
 5
 Subsection (a) of section 245 of the Immigration and Nationality Act of 1952 as amended by the Act of July 14, 1960, Pub.L. 86-648, 10, 74 Stat. 505, provides:
 
 
 6
 '(a) The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved.' 8 U.S.C.A. 1255.
 
 
 7
 Section 245.4 of the Immigration Regulations, 8 CFR 245.4, provides in its first sentence:
 
 
 8
 'The provisions of Section 245 of the Act and this part shall govern the adjustment of status provided for in the proviso to section 203(a)(7) of the Act.'
 
 
 9
 The plaintiffs contend that section 203(a)(7) of the Act itself provides for the readjustment of the status of all refugees and that, therefore, section 245.4 of the Regulations which purports to narrow the scope of section 203(a) (7) to aliens coming within the limitations of section 245 of the Act, that is, to those only who are not crewmen and who have previously been inspected and admitted or paroled into the United States, is invalid.
 
 
 10
 We do not agree. As we said in Cheng Ho Mui v. Rinaldi, 1969,408 F.2d 28, 30, 'Section 203(a)(7) does not create any new procedure for the adjustment of status; it simply provides a means of entering the United States.' We are in accord with the Court of Appeals for the Ninth Circuit which stated in Wing Wa Lee v. Immigration and Naturalization Service, 1967,375 F.2d 723, 724: 'It is clear that in section 203(a)(7) Congress was providing for the immigration of refugees and not defining any new method of adjustment of status. There is no language in section 203(a)(7) which authorizes the Attorney General to adjust any alien's status. Adjustment provisions must be found somewhere other than section 203(a)(7).'We think it is apparent from the language of section 203(a)(7) that its purposes are solely two-- (1) to make conditional entries available to refugees who apply for them in certain foreign countries, and (2) to authorize the issuance of immigration visas 'in lieu of conditional entries of a like number' to refugees who have previously been admitted to the United States on conditional entries, who have been continuously present here for two years and whose status has been adjusted to that of an alien lawfully admitted for permanent residence. We must look elsewhere for the statutory authority to make such an adjustment of a refugee's status as will entitle him to an immigration visa under the proviso to section 203(a)(7) in lieu of his conditional entry. This authority is provided by section 245 of the Act. While there are other statutory provisions dealing with status adjustment they are clearly not applicable here and need not be considered.
 
 
 11
 Section 245.4 of the Immigration Regulations merely makes the interacting relationship of sections 203(a)(7) and 245 clear. In so doing, it carries out the intent of Congress in enacting the proviso to section 203(a)(7) by the Act of October 3, 1965. This intent is expressed in the report of the Senate Committee of the Judiciary upon the bill, H.R. 2580, which became the Act of 1965, in which report it is stated with respect to the adjustment of status referred to in the proviso that 'It is contemplated that such adjustments will be made under section 245 of the Immigration and Nationality Act.' S.Rept. 748, 89th Cong., 1st Sess., 1965 U.S.Code, Congressional and Administrative News, p. 3341.
 
 
 12
 Since the plaintiffs, as alien crewmen, could not bring themselves within the purview of section 245 of the Act their applications were properly denied by the defendant. The district court, therefore, did not err in dismissing their complaints.
 
 
 13
 The judgments of the district court will be affirmed.