493 F.2d 1229
 YU FUNG CHENG and Hi Pan Chan, Appellants in No. 73-1866
v.
Dominick RINALDI, as District Director of the Immigration
and Naturalization Service of New Jersey, and William P.
Rogers, as Secretary of State of the United States of
America. (Civil Action No. 167-73)
YEUNG YAN CHEUNG, Appellant in No. 73-1867
v.
Dominick RINALDI, as District Director of the Immigration
and Naturalization Service of New Jersey, and William P.
Rogers, as Secretary of State of the United States of
America. (Civil Action No. 282-73)
KAN KAM LIN et al., Appellants in No. 73-1868
v.
Dominick RINALDI, as District Director of the Immigration
and Naturalization Service of New Jersey, and William P.
Rogers, as Secretary of State of the United States of
America. (Civil Action No. 1823-72)
LAM YI KAM, Appellant in No. 73-1869
v.
Dominick RINALDI, as District Director of the Immigration
and Naturalization Service of New Jersey, and William P.
Rogers, as Secretary of State of the United States of
America. (Civil Action No. 1862-72)
 Nos. 73-1866 to 73-1869.
 United States Court of Appeals, Third Circuit.
 Argued March 14, 1974.
Decided March 25, 1974.
 
 Appeal from United States District Court for the District of New Jersey; Lawrence A. Whipple, Judge.
 Lebenkoff & Coven, New York City, Allan S. Berger, East Orange, N.J., for appellants; Jules E. Coven, New York City, of counsel.
 Jonathan L. Goldstein, U.S. Atty., Newark, N.J., William T. Pizzi, Asst. U.S. Atty., on the brief, for appellees.
 Before ALDISERT, GIBBONS and ROSENN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants are Chinese seamen who, having requested and been denied asylum under the United Nations Protocol Relating to the Status of Refugees (Protocol), brought actions in the district court against Dominick Rinaldi, the District Director of the Immigration and Naturalization Service, seeking an injunction to restrain the defendant from deporting them on the ground that his denial of asylum was arbitrary, capricious and illegal. The district court granted summary judgment in favor of the director. The plaintiffs have appealed.
 
 
 2
 The Protocol went into effect in the United States on November 1, 1968. Article 32 of the Protocol provides in part that: '1. The Contracting States shall not expel a refugee lawfully in their territory save on grounds of national security or public order.' The district court concluded, and we agree, that the terms 'lawfully in . . . (the) territory' were intended to require that a refugee under the Protocol be in a country in compliance with the immigration laws of that country. Each of the appellants has had a deportation hearing at which he was found deportable. No appeals were taken from the findings that each was unlawfully present.
 
 
 3
 We affirm the judgment of the district court for the reasons well stated in the opinion of Judge Lawrence A. Whipple, 361 F.Supp. 177 (D.N.J.1973). See also, Ming v. Marks, 367 F.Supp. 673 (S.D.N.Y.1973).
 
 
 4
 The judgment of the district court will be affirmed.