**Mofzal AHMAD**

v.

**Raymond A. MORRIS et al.**

**Civ. A. No. 76–773.**

United States District Court,
E. D. Pennsylvania.

Oct. 26, 1978.

124

James J. Orlow, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U. S. Atty., Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff [1], an alien, seeks judicial review of the denial by defendant, District Director of the Immigration and Naturalization Service ("INS"), of his application for classification as a refugee pursuant to section 203(a)(7) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1153(a)(7), and of his application for adjustment of status pursuant to section 245 of the Act, 8 U.S.C. § 1255. Defendant has moved for summary judgment asserting that there are no material issues of fact and that the defendant's denial of plaintiff's application was correct as a matter of law. Plaintiff resists this motion and moves to have his case remanded to the District Director for the taking of additional evidence. I will grant defendant's motion.

Plaintiff is a Bengali from East Pakistan who arrived in the United States on board the ship "Al Ahmadi" on August 13, 1971. Sometime in late 1970 or early 1971 plaintiff shipped out of Karachi, West Pakistan, as a merchant seaman on board this West Pakistan vessel. While at sea, conflict between East and West Pakistan developed and plaintiff was threatened by the West Pakistani crewmen who told plaintiff that any Bengali crewmen would be arrested

1. There were originally three plaintiffs, but the case was dismissed by stipulation as to plaintiffs Saleh Ahmad and Abdul Muttalib, leaving Mofzal Ahmad as the only plaintiff. The caption was amended appropriately.

once the ship returned to Karachi. Because of this situation plaintiff applied for political asylum shortly after his ship docked in Philadelphia on August 17, 1971, on the ground that he would be persecuted if he returned to West Pakistan. His request was granted on August 20, 1971, and he was given permission to remain in the United States until August 19, 1972, under the condition that this permission was subject to revocation at any time.

After the independent nation of Bangladesh was formed, the District Director decided to review plaintiff's immigration status. On April 26, 1972, INS denied plaintiff's request for political asylum and on July 13, 1972, an order to show cause why plaintiff should not be deported was issued. These deportation proceedings are still pending.

Independent of the deportation proceedings, plaintiff, on September 17, 1973, filed an application for classification as a refugee under section 203(a)(7) of the Act and for adjustment of status under section 245(a) of the Act. Through this application, plaintiff was seeking admission to the United States as a permanent resident. Section 245(a) of the Act provides:

"(a) The status of an alien, *other than an alien crewman*, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved." 8 U.S.C. § 1255 (emphasis added).

In order to qualify for this change of status the alien must be eligible to receive an immigrant visa which is immediately available to him and thus plaintiff applied for refugee classification from which he could obtain a visa, under the proviso of section 203(a)(7). This section states:

"(7) Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 1151(a)(1) or (2) of this title, to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, or (II) from any country within the general area of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; or (B) that they are persons uprooted by catastrophic natural calamity as defined by the President who are unable to return to their usual place of abode. For the purpose of the foregoing the term 'general area of the Middle East' means the area between and including (1) Libya on the west, (2) Turkey on the north, (3) Pakistan on the east, and (4) Saudi Arabia and Ethiopia on the south: *Provided, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status.*" 8 U.S.C. § 1153 (emphasis added).

A regulation promulgated by INS clarifies the interrelationship between these two sections. Regulation 245.4 states:

"(a) The provisions of section 245 of the Act . . . shall govern the adjustment of status provided for in the proviso to section 203(a)(7) of the Act. An applicant for adjustment of status under section 245 of the Act who claims he is

entitled to a preference status pursuant to section 203(a)(7) of the Act shall execute and attach to his application for adjustment Form I–590A, Application for Classification as a Refugee under the Proviso to Section 203(a)(7), Immigration and Nationality Act. The determination as to whether an alien is entitled to the claimed preference status shall be made by the district director . . . ." 8 C.F.R. § 245.5.

Defendant denied plaintiff's application on February 4, 1976, on two bases: (1) plaintiff is ineligible for refugee status under 203(a)(7) because that provision is subject to the limitation contained in section 245 of the Act which excludes alien crewmen from adjustment of status; and (2) plaintiff, as a citizen formerly of East Pakistan which is now Bangladesh, is not from "the general area of the Middle East" and thus is ineligible for § 203(a)(7) classification. Defendant now seeks summary judgment on both these grounds.

Plaintiff argues that summary judgment is unwarranted for several reasons. First, he asserts that the defendant did not have jurisdiction to rule on the Section 245 application for adjustment of status and that assuming jurisdiction, a decision on eligibility for adjustment of status was premature in light of the plaintiff's request for asylum pursuant to the United Nations 1967 Protocol and Convention Relating to the Status of Refugees, ("Protocol") 19 U.S.T. 6223, T.I.A.S. 6577, which request is pending in the deportation proceedings. Second, he maintains alternatively, that he is not an "alien crewman" as that term is used in § 245, that assuming he is a "crewman", plaintiff is a "refugee-crewman" when the effects of the Protocol on § 203(a)(7) are considered and thus is eligible for § 203(a)(7) classification, or that § 203(a)(7) eligibility should be determined indepen-

dent of the restrictions placed upon § 245 adjustment of status. Finally, plaintiff asserts that he should not have been denied refugee classification under § 203(a)(7) as a matter of fact based upon the defendant's determinations that plaintiff is a citizen of Bangladesh and that he therefore is not from "the general area of the Middle East" because there was no administrative record to support the factual conclusion as to plaintiff's citizenship. To resolve the motion for summary judgment I only need deal with the first two sets of arguments raised by plaintiff.

## I. JURISDICTION OF DISTRICT DIRECTOR TO DECIDE PLAINTIFF'S APPLICATIONS:

After receiving adverse decisions on his applications for adjustment of status under § 245 and classification as a refugee under § 203(a)(7), plaintiff for the first time now objects to the District Director's decision on the § 245 applications on the ground that he lacked jurisdiction. He maintains that 8 C.F.R. § 245.2(a)(1)[2] confers exclusive jurisdiction for an application for adjustment of status to the hearing officer in a deportation proceeding for those aliens who have received an order to show cause why they should not be deported. I conclude, however, that I cannot decide this question because (1) plaintiff has waived this challenge by filing his application with the District Director in contravention of 8 C.F.R. § 245.2(a) or alternatively (2) his failure to raise this question before the agency bars him now from raising it on review. *Cisternas-Estay v. Immigration & Naturalization Service*, 531 F.2d 155, 160 (3d Cir. 1976). *See United States v. L. A. Tucker Truck Lines*, 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952); *Unemployment Compensation Comm. of Alaska v. Aragon*, 329 U.S. 143, 155, 67 S.Ct. 245, 91 L.Ed. 136

2. Regulation 245.2(a) provides in part:
"(1) Jurisdiction—An application for adjustment of status under Section 245 of the Act . . . by an alien after he has been served with an order to show cause . . . *shall be made and considered only* in [deportation proceedings]. In all other cases, an

alien who believes that he meets the eligibility requirements of section 245 of the Act . . . . shall apply to the district director having jurisdiction over his place of residence." 8 C.F.R. § 245.2(a) (emphasis added).

(1946). It would be abusive of the administrative process to permit plaintiff, who was represented by counsel, to file a request for affirmative relief with an official of an agency and then, when denied that relief on substantive grounds, to avoid that decision, claiming that he never should have made the request, only to reapply for the same relief with the agency in another forum.

 Plaintiff alternatively argues that even if the defendant has jurisdiction to decide his application for adjustment of status, his decision was premature in light of his asylum request which was made in his deportation proceedings. Plaintiff has no support for the novel argument that an asylum request pursuant to the Protocol, a treaty, preempts an application for adjustment of status under the Immigration and Nationality Act. These separate and distinct provisions would appear to have at least equal force of law and are based on different criteria. More importantly, however, it has been held that the Protocol "was neither intended to nor had the effect of substantively altering the statutory immigration scheme." *Pierre v. United States*, 547 F.2d 1281, 1288 (5th Cir. 1977). *Cf. Kan Kam Lin v. Rinaldi*, 361 F.Supp. 177, 185 n. 7 (D.N.J.1973), *aff'd*, 493 F.2d 1229 (3d Cir.), *cert. denied*, 419 U.S. 874, 95 S.Ct. 136, 42 L.Ed.2d 113 (1974). I reject, therefore, the contention that an asylum request under the Protocol alters the operation of § 203(a)(7) in any manner.

II. DENIAL OF PLAINTIFF'S APPLICATION FOR CLASSIFICATION AS A REFUGEE UNDER SECTION 203(a)(7):

 The defendant relied on two determinations in denying plaintiff's application under § 203(a)(7): (1) plaintiff was an "alien crewman" and therefore excluded from eligibility by the operation of 8 C.F.R. § 245.4(a) and § 245 of the Act and (2) he was not from the "general area of the Middle East" and therefore ineligible for § 203(a)(7) relief. Either determination would be sufficient to deny the application. I find that there are no material issues of

fact as to the first conclusion and that as a matter of law plaintiff was not eligible for refugee classification.

Plaintiff's attack on the defendant's conclusion on the "alien crewman" issue is threefold: (1) plaintiff did not enter the country as a "crewman"; (2) assuming he is a crewman, he is not barred from adjustment of status under § 203(a)(7) and (3) even if plaintiff is barred from adjustment of status, he is not barred from classification as a refugee which, he argues, should be determined independent from the applicant's basis of entry into the United States.

Plaintiff's first argument appears to be an attack on the factual conclusion that plaintiff entered as a crewman. However, plaintiff stipulated to the fact that on August 13, 1971, when he first arrived in the United States, he "applied for and was admitted to the United States as [a crewman]" pursuant to 8 U.S.C. § 1101(a)(15)(D). There can be no question that he entered this country as an "alien crewman" and the administrative record amply supports this conclusion.

Plaintiff's second argument is based upon the contention that he is a "refugee crewman" who by the enforcement of the Protocol should not be barred from adjustment of status under § 203(a)(7) because Article 32 of the 1951 Convention Relating to the Status of Refugees, 189 U.N.T.S. 150, incorporated in the 1967 Protocol by Article I provides that treaty countries "shall not expel a refugee lawfully in their territory save on grounds of national security or public order." The category of "refugee crewman" is an invention of plaintiff in an attempt to incorporate the Protocol into the operation of § 203(a)(7) and thereby circumvent the exclusion of alien crewmen. As I have previously stated, I conclude on the basis of analysis expressed in *Pierre v. United States*, 547 F.2d at 1287–88, that the Protocol does not amend or alter the existing statutory immigration scheme and thus I reject the notion that a finding that the plaintiff is a "refugee crewman" would affect his § 203(a)(7) application.

The Third Circuit clearly held in *Wong Pak Yan v. Rinaldi*, 429 F.2d 151 (3d Cir.), *cert. denied*, 400 U.S. 902, 91 S.Ct. 140, 27 L.Ed.2d 139 (1970), that the INS regulation 8 C.F.R. § 245.4, which requires that the restrictions contained in § 245 govern the adjustment of status provided for in the proviso to § 203(a)(7), was valid and consistent with the legislative history of § 203(a)(7). Since plaintiffs in *Yan* were alien crewmen the court concluded they could not have their status adjusted under § 203(a)(7). Plaintiff here suggests that he can be distinguished from the applicants in *Yan* because at the time of his application plaintiff was lawfully within the United States whereas the plaintiffs in *Yan* were not lawfully entitled to remain in this country. This factual distinction has no legal consequence, however, because it is plaintiff's status as an alien who *entered* the country as a crewman, rather than the legality of the continued residence in the United States, which required the denial of his applications. The holding in *Yan* mandates the defendant to deny the application for adjustment of status once it was determined that the applicant entered the country as an alien crewman.

Plaintiff's final argument is that even if he is ineligible for adjustment of status, he should be granted the preference classification contained in the proviso to § 203(a)(7). *Yan* also requires that this argument be rejected. The court in *Yan* stated:

"We think it is apparent from the language of section 203(a)(7) that its purposes are solely two—(1) to make conditional entries available to refugees who apply for them in certain foreign countries, and (2) to authorize the issuance of immigration visas 'in lieu of conditional entries of a like number' to refugees who have previously been admitted to the United States on conditional entries, who have been continuously present here for two years and *whose status has been adjusted to that of an alien lawfully admitted for permanent residence.* We must look elsewhere for the statutory authority to make such an adjustment of a refugee's status as will entitle him to an immigration visa under the proviso to section 203(a)(7) in lieu of his conditional entry. This authority is provided by section 245 of the Act." 429 F.2d at 154 (emphasis added).

This language makes clear that there is no intermediate step of refugee classification independent from the adjustment of status contemplated by the proviso to § 203(a)(7). If an applicant is ineligible as a matter of law for a status adjustment, he or she is also not entitled to an immigration visa under § 203(a)(7). Plaintiff's application for classification as a refugee therefore was correctly denied.