**Zoila Cruz CABRERA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 23303.**

United States Court of Appeals
Ninth Circuit.

Aug. 19, 1969.

James Canfield (argued), San Francisco, Cal., for petitioner.

David R. Urdan (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Stephen Suffin, Atty., INS, San Francisco, Cal., John N. Mitchell, Atty. Gen., Washington, D. C., for respondent.

Before ELY and CARTER, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

Petitioner, an alien native citizen of the Philippines, seeks to review an order of the Board of Immigration Appeals, dismissing an appeal from a decision of the Special Inquiry Officer.

The Special Inquiry Officer made two decisions. He denied an application for adjustment of status under Sec. 245 of the Immigration and Naturalization Act, 8 U.S.C. § 1255. He also denied an application for voluntary departure by petitioner, relying on Sec. 244(e) of the Act, 8 U.S.C. § 1254(e) and Sec. 101 (f) (2) of the Act, 8 U.S.C. § 1101(f) (2), on the ground that the requirements of good moral character for eligibility had not been met in that petitioner had committed adultery within five years prior to the application for voluntary departure.

As to the first decision, we affirm the Board. The burden was on the petitioner to establish that his application for adjustment of status to that of a permanent resident was meritorious. On the record which contained numerous facts not set forth herein, the Special Inquiry Officer found lack of merit and the Board affirmed. There was no abuse of discretion.

As to the denial of the application for voluntary departure, we reach a different result. The Special Inquiry Officer stated that because of the adultery, he was "required" to find petitioner was not a person of good moral character; that petitioner was "not eligible" for voluntary departure and that an order for departure "will have to be entered."

The Board in dismissing the appeal took the same approach, stating "* * * respondent's conduct with a woman not his spouse *compels* us to affirm the decision of the Special Inquiry Officer * * * respondent is clearly *precluded* from showing he is a person of good moral character." [Emphasis added].

In Wadman v. Immigration and Naturalization Service (9 Cir. 1964) 329

* Hon. Russell E. Smith, Chief United States District Judge, District of Montana, sitting by designation.

F.2d 812, this court considered the effects of adultery on an application for voluntary departure and whether adultery became a bar as a matter of law.

The Special Inquiry Officer, and the Board in dismissing the appeal did not exercise their discretionary function in deciding the issue as to voluntary departure. They apparently believed their decision was compelled.

The case as to the issue of voluntary departure is remanded to the Board for further consideration in the light of *Wadman*, supra.

Affirmed in part, remanded in part.