Antonino **RANDAZZO** and Sebastiana **Randazzo**, Plaintiffs,

v.

P. A. **ESPERDY**, as District Director of the **Immigration** and **Naturalization** Service for the **District** of New York, **Defendant.**

No. 70 Civ. 3857.

United States District Court, S. D. New York.

Oct. 6, 1970.

Jacob Silberzweig, Brooklyn, N. Y., for plaintiffs.

Whitney North Seymour, Jr., U. S. Atty., by Stanley H. Wallenstein, Asst. U. S. Atty., New York City, for defendant.

### ORDER

MOTLEY, District Judge.

Plaintiff aliens, a 39 year old male and his 34 year old wife, both citizens of Palermo, Italy, move the court for a preliminary injunction staying their deportation pending a review by the court of the District Director's denial of their application for a one year extended voluntary departure. The District Director cross moves to dismiss the complaint on the grounds of lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted.

Plaintiffs are presently under an order of deportation entered by a special inquiry officer on October 6, 1969. At the time the order was entered, they were granted permission to depart voluntarily in lieu of deportation on or before December 6, 1969. Due to appeals and a recent one month extension of the time for voluntary departure by the District Director, the plaintiffs have until October 11, 1970 to voluntarily depart.

Plaintiff male first entered the United States during June 1961, and was thereafter arrested and deported on July 16, 1964. He returned during 1965 and following a deportation hearing, he left under an order of voluntary departure on January 12, 1968. His latest entry was on August 12, 1968, as a non-immigrant visitor for pleasure, authorized to remain until September 12, 1968. Prior to this entry, he had failed to obtain consent from the Attorney General to reapply for admission following his 1964 deportation as required by 8 U.S.C. § 1182(a) (17) and was therefore excludable. At the deportation hearing, the

male plaintiff was found to be deportable under 8 U.S.C. § 1251(a) (1) because he was excludable upon entry under 8 U.S.C. § 1182(a) (17).

At the hearing, the male plaintiff moved to set aside the 1964 deportation order and to reinstate voluntary departure *nunc pro tunc*. Plaintiff claimed that he was denied right to counsel at the time of his 1964 deportation and that he left at his own expense.

Plaintiff's reason for requesting that the 1964 deportation order be set aside is clear. He is being deported because he failed to get the Attorney General's permission before re-entering the United States after his prior deportation. If that prior deportation were deemed a voluntary departure, he would not be deportable on that ground.

The special inquiry officer denied plaintiff's motion and stated that, even if the 1964 deportation order were deemed a voluntary departure, the plaintiff would still be deportable as an overstay visitor.

At the same hearing the female plaintiff was found deportable as an overstay visitor.

Plaintiffs' complaint alleges that the District Director abused his discretion in not extending plaintiffs' stay in the United States for as long as a housing and economic emergency exists in plaintiffs' town in Italy. This emergency is the result of an earthquake which destroyed plaintiffs' home and made the finding of employment difficult if not impossible.

In addition, the complaint requests that the order of deportation of July 6, 1964 be set aside and that the male plaintiff be granted the privilege of voluntary departure.

At the time the complaint was filed, plaintiffs had failed to exhaust their administrative remedies. Thus, on September 10, 1970, they applied to the District Director for an extension of voluntary departure for one year on the economic grounds set forth in the complaint and on the ground that the male had recently undergone surgery. The District Director, exercising his discretionary authority under 8 C.F.R. § 244.2, granted a 30-day extension of voluntary departure because of the surgery and denied the application for a one year extension.

Two issues are raised by defendant's motion to dismiss. First, whether a district court has subject matter jurisdiction to set aside a 1964 order of deportation and have it deemed a voluntary departure. Second, whether on the basis of the pleadings there is any merit to plaintiffs' claim that it was an abuse of discretion for the District Director to deny a one year extension of voluntary departure.

■ It is clear that the district court lacks subject matter jurisdiction to review the 1964 order of deportation. Jurisdiction to review a final order of deportation rests solely with the Court of Appeals under 8 U.S.C. § 1105a. See Cheng Fan Kwok v. Immigration and Naturalization Service, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1967); Tai Mui v. Esperdy, 371 F.2d 772, 777 (2d Cir. 1966), cert. denied, 386 U.S. 1017, 87 S.Ct. 1372, 386 U.S. 1017 (1967). In addition, even if this court were to review the 1964 deportation order and grant relief, it would not affect the disposition of this case. Plaintiff would still be deportable as an overstay visitor.

■ Plaintiffs' claim that the District Director abused his discretion in denying a one year extension of voluntary departure is also without merit. A claim that an alien has been denied voluntary departure is reviewable in this court but a claim that an alien has been denied an extension of voluntary departure is not necessarily subject to review. United States ex rel. Bartsch v. Watkins, 175 F.2d 245 (2d Cir. 1949). This is confirmed by the language of 8 C.F.R. § 244.2 which states that no appeal may be taken from the District Director's decision regarding an extension of time for voluntary departure.

**1086**

Even if we hold that the denial of an extension of voluntary departure is reviewable, the scope of review is quite narrow. This court should not substitute its judgment for that of the District Director's unless his decision is found to be a clear abuse of discretion. United States ex rel. Ciannamea v. Neelly, 202 F.2d 289 (7th Cir. 1953); Kladis v. Immigration and Naturalization Service, 343 F.2d 513 (7th Cir. 1965).

In this instance, plaintiffs are under a valid deportation order and they have been granted voluntary departure. The fact that they will undergo economic harm by their return to Italy would ordinarily be an important factor in setting aside the District Director's determination. But the history of this case indicates that this is not the real reason plaintiffs wish to stay in this country.

Therefore, the motion to dismiss the complaint is granted and the motion for a preliminary injunction is denied.

So ordered.