James LEE, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 25954.

United States Court of Appeals,
Ninth Circuit.

Aug. 11, 1971.

————◆————

Joseph S. Hertogs (argued), San
Francisco, Cal., for petitioner.

Stephen M. Suffin (argued), I.N.S.,
James L. Browning, U. S. Atty., San
Francisco, Cal., John N. Mitchell, U. S.
Atty. Gen., Washington, D. C., for re-
spondent.

Before BROWNING, CARTER, and
TRASK, Circuit Judges.

PER CURIAM:

James Lee petitions for review of an
order of the Board of Immigration Ap-
peals affirming an order of the special
inquiry officer which denied him an ad-
justment of status under 8 U.S.C. § 1255.
Lee contends the denial was an abuse of
discretion.

The officer and the Board denied
Lee's application as a matter of discre-
tion because they found he had not dem-
onstrated his bona fide nonimmigrant
status at the time of entering the United
States on a nonimmigrant visa. This is
a proper factor for the Board's consid-
eration, Castillo v. Immigration and Nat-
uralization Service, 350 F.2d 1, 3–4 (9th
Cir. 1965), and there was evidence to
support the Board's finding.

Petitioner argues that the deci-
sion of the Board may lead an American
consul abroad to reject any subsequent
application by petitioner for documenta-
tion on the ground that he obtained his
nonimmigrant visa through fraud. 8
U.S.C. § 1182(a) (19). At oral argu-
ment the Board's counsel agreed that the
seriousness of the consequences which
may flow from the Board's exercise of
discretion is a factor in determining
whether that discretion has been abused.

The Board stated in its decision, how-
ever, that "the order for petitioner's de-
portation is not based upon any charge of
fraud or misrepresentation"; and the
Board's brief in this court states that the
decisions of the special inquiry officer

and the Board "contain no charges against Lee of fraud or misrepresentation upon which any denial of a visa application could be based." We have acted upon these assurances in concluding that, although the record is not strong, it is sufficient to sustain the Board's action.

The petition to review is denied and the order of the Board is affirmed.