Tomas **ADAME**, Plaintiff,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Defendant.

No. 72 C 1778.

United States District Court, N. D. Illinois, E. D.

Oct. 10, 1972.

Vazquez & Schelly, Chicago, Ill., for plaintiff.

James H. Alesia, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

DECKER, District Judge.

Plaintiff, Tomas Adame, has filed a complaint against the Immigration and Naturalization Service (the Service) asking for a declaratory judgment and injunction relief that would allegedly enable him to continue prosecution of a divorce action presently pending in the Circuit Court of Cook County, Illinois, and to prevent the Service from carrying out its order of deportation. The Service has moved to dismiss the complaint, or, in the alternative, for summary judgment. The sole question presented by the complaint is whether the District Director of the Service abused his discretion in failing to grant plaintiff an indefinite extension of his date of voluntary departure pending the termination of his divorce action in the Illinois court. Since the case has been considered on the basis of the entire Service file, the motion will be treated as a motion for summary judgment.

Plaintiff entered the United States illegally on or about July 6, 1969. He has admitted that he was deported from the United States in April, 1969, under the name Raul Calsada Ramierez. Since the plaintiff had again entered this country without inspection, an Order to Show Cause and Notice of Hearing for Deportation was issued on March 23, 1972. See, 8 U.S.C. §§ 1251(a)(2), 1252(a), (b). Although originally released on $1,500 bond on March 23, 1972, the bond was reduced to $1,000 the next day when plaintiff represented to a hearing officer that he was married to an American citizen. He subsequently denied ever having stated that he actually lived with his alleged spouse.

A deportation hearing before a special inquiry officer was held on April 3, 1972. Plaintiff was represented by counsel who admitted the deportability of the plaintiff and requested the privilege of voluntary departure be granted. Voluntary departure was granted until May 17, 1972, and plaintiff agreed to accept the decision as final. Notwithstanding, plaintiff failed to depart and a warrant of deportation was issued on May 18, 1972.

A petition by plaintiff's alleged spouse that plaintiff be granted an immigrant's visa under 8 U.S.C. § 1151 was denied on June 16, 1972, because the petitioner had already denied under oath that she was or ever had been married to the plaintiff. An extension of the voluntary departure date to July 19, 1972, was then granted by the District Director. On July 17, 1972, plaintiff requested an extension of his departure date until his Illinois divorce litigation had been concluded. The matter was allegedly set for hearing on August 16, 1972. This action was filed on July 19.

Although there is a serious question as to whether this court has jurisdiction to review the actions of the District Director in this case, Randazzo v. Esperdy, 334 F.Supp. 1083 (S.D.N.Y. 1970); Kelch v. Kennedy, 209 F.Supp. 416 (D.Md.1962); 8 C.F.R. § 244.2, it is at least clear that the scope of review is very narrow. Fernandez-Gonzalez v. Immigration and Naturalization Service, 347 F.2d 737 (7th Cir. 1965). Only in the case of a clear showing of abuse of discretion can this court upset the decision of the District Director. Kladis v. Immigration and Naturalization Service, 343 F.2d 513 (7th Cir.1965). No such showing has been made in the present case.

Plaintiff has admitted deportability and agreed to a voluntary departure in May. He ignored that date and attempted to get relief as the spouse of a person (a U. S. citizen) who had on more than one occasion denied under oath that she was ever married to him. After being granted a two-month extension of the original voluntary departure date, he again attempted to avoid deportation by claiming the necessity of remaining here to pursue a divorce action against his alleged wife. When the foregoing is considered by itself or in the light of plaintiff's prior record as an immigration law violator, it is clear that the District Director did not abuse his discretion in failing to grant a further extension of plaintiff's voluntary departure. Even if it has been the "usual policy", as plaintiff asserts, for the Service to grant extensions of voluntary departure dates for the purpose of concluding pending litigation, that policy can be changed or discretionarily applied so as to avoid dilatory tactics and delays in contravention of the general policies of the immigration laws. Fan Wan Keung et al. v. Immigration and Naturalization Service, 434 F.2d 301, 306 (2d Cir. 1970).

Accordingly, the Service's motion for summary judgment will be granted.