**Georgios MANAROLAKIS et al.**

v.

**Patrick F. COOMEY, District Director, Immigration and Naturalization Service, et al.**

No. 75–1445–T.

United States District Court, D. Massachusetts.

June 28, 1976.

Ernest T. Coutlis, Boston, Mass., for plaintiff.

James N. Gabriel, U. S. Atty., William A. Brown, Asst. U. S. Atty., Boston, Mass., for defendants.

## OPINION

TAURO, District Judge.

This action seeks review of the decision of defendant Coomey, District Director of the Immigration and Naturalization Service (INS), as affirmed by the Board of Immigration Appeals, denying plaintiff Georgios Manarolakis, a native of Greece, an adjustment of immigration status which would permit him to remain in this country. *See* 8 U.S.C. § 1329.

Plaintiff Georgios Manarolakis contends that his marriage to co-plaintiff Katherine Dean Manarolakis qualifies him for adjustment to the status of alien relative. The Government contends, *first*, that since Mr. Manarolakis entered this country initially as an alien crewman he is not permitted an adjustment in his immigration status under the explicit terms of 8 U.S.C. § 1255(a), and, *second*, that in any case the conclusion of the defendant District Director and the Board of Immigration Appeals—that the plaintiffs failed to demonstrate that their marriage was not a sham, entered into to

circumvent the immigration laws—was well supported by the evidence.

This case was heard initially on cross motions for summary judgment, but at the request of counsel for the plaintiffs the hearing was extended to permit the testimony of co-plaintiff Katherine Dean Manarolakis. Mrs. Manarolakis did not, however, appear to testify on the assigned date and the case has now been submitted to the court on the merits. Since this court agrees with both the arguments of the Government in this case, judgment will be entered for the defendants and the decision of the Board of Immigration Appeals will be affirmed.[1]

## I.

The facts of this case are undisputed. Georgios Manarolakis entered the United States on or about November 16, 1969, as a crewman authorized to stay in this country no longer than twenty-nine days. Manarolakis ignored this limitation and, after his presence in this country was discovered, he was ordered to appear for a hearing before the I.N.S. on February 16, 1973. Mr. Manarolakis received notice of this hearing on January 26, 1973. On February 15, 1973 a marriage ceremony was conducted in Springfield, Massachusetts joining the two plaintiffs in marriage. Mrs. Manarolakis,

then Katherine Dean, was a citizen of the United States on the date of the marriage. On March 9, 1973 Mr. Manarolakis was informed that he would have to leave this country by May 8, 1973. On April 3, 1973 the I.N.S. received an Immediate Relative Petition (Form I–130) with Katherine as petitioner and Georgios as beneficiary. This petition requested the reclassification of Mr. Manarolakis as an alien relative with the opportunity to remain in this country as a permanent resident. On April 19, 1973 the sworn statement of the petitioner, Katherine Manarolakis, was taken to assist in the determination of the petition. In this statement Mrs. Manarolakis refused to answer a series of questions regarding the background of her marriage and her intent in entering into it.[2] Over the next year Mr. Manarolakis was granted eleven extensions of the order requiring him to quit this country. On September 6, 1974, defendant Coomey denied the petition of Katherine Manarolakis. The basis of this decision was the petitioner's failure to establish that her marriage to the beneficiary was not entered into for the purpose of evading the immigration laws. This decision was appealed to the Board of Immigration Appeals, which on February 19, 1975 dismissed the appeal. On April 14, 1975 the plaintiffs filed their action in this court and on April 15, 1975 a

1. The "Petition for Review" filed by the plaintiffs in this case does not cite the basis of this court's jurisdiction. In view of the Supreme Court's decision in *Foti v. Immigration and Naturalization Service*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963), holding that judicial review of deportation orders is exclusively within the jurisdiction of the Court of Appeals, this court requested memoranda on the jurisdictional issue. The Government's memorandum contends that the matter is properly before this court because it involves a review of a denial of discretionary relief, an issue collateral to that of deportation, as decided in *Cheng Fan Kwok v. Immigration and Naturalization Service*, 392 U.S. 206, 217, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). Plaintiffs' memorandum, while concededly "hedging" seems to suggest that *Foti* is controlling. This court has concluded that it has power to review the propriety of the decision of the district director denying the petition for immediate relative status for Mr. Manarolakis, either under 8 U.S.C. § 1329 or under the Administrative Procedure Act, 5

U.S.C. §§ 701–706. For an analogous case, see *Silverman v. Rogers*, 437 F.2d 102, 104, n. 5 (1st Cir.) rev'g 309 F.Supp. 570 (D.Mass.1970) *cert. denied*, 402 U.S. 983, 91 S.Ct. 1667, 29 L.Ed.2d 149 (1971). *See also Stokes v. Immigration and Naturalization Service*, 393 F.Supp. 24 (S.D.N.Y.1975).

2. Mrs. Manarolakis refused to answer the following questions: What was the date of your marriage? How often did you see your husband before you married him? Did you receive any money to marry your husband? Did anyone arrange the marriage for you? Do you live with your husband? Do you deny that you received money to marry?

At the conclusion of this series of questions Mrs. Manarolakis stated that she would not answer any questions. Plaintiffs have not asserted that either the procedure in asking these questions, or the substance of the questions, violated any rights of Mrs. Manarolakis.

temporary restraining order issued enjoining the defendants from requiring Mr. Manarolakis' departure from this country pending final disposition of the issues in this case.

## II.

It is undisputed that Mr. Manarolakis' first entry into this country was as an alien crewman. 8 U.S.C. § 1255(a) states:

The status of an alien, *other than an alien crewman*, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved. (Emphasis supplied) [3]

■ While the Attorney General, or his delegate under 8 U.S.C. § 1103, has the discretion to adjust the status of some aliens who enter this country, he has no power to adjust the status of alien crewmen. *Wong Pak Yan v. Rinaldi*, 429 F.2d 151 (3rd Cir.), *cert. denied* 400 U.S. 902, 91 S.Ct. 140, 27 L.Ed.2d 139 (1970); *Cheng Ho Mui v. Rinaldi*, 408 F.2d 28 (3rd Cir.), *cert. denied*, 395 U.S. 963, 89 S.Ct. 2101, 23 L.Ed.2d 748 (1969); *Wing Wa Lee v. Immigration and Naturalization Service*, 375 F.2d 723 (9th Cir.), *cert. denied*, 389 U.S. 856, 88 S.Ct. 72, 19 L.Ed.2d 121 (1967); *Fassilis v. Esperdy*, 301 F.2d 429 (2nd Cir. 1962), aff'g 192 F.Supp. 84 (S.D.N.Y.1961).

■ Even if relief in this case were not precluded by statute, this court would be bound, on the facts, to affirm the decision of the Board of Immigration Appeals. The burden of proof in petitions for adjustment of status is upon the petitioner, who must affirmatively demonstrate the merit of the petition. *Thomaidis v. Immigration and Naturalization Service*, 431 F.2d 711 (9th Cir. 1970), *cert. denied*, 401 U.S. 954, 91 S.Ct. 973, 28 L.Ed.2d 237 (1971); *Cabrera v. Immigration and Naturalization Service*, 415 F.2d 1096 (9th Cir. 1969); *Chen v. Foley*, 385 F.2d 929, 934 (6th Cir. 1967), *cert. denied*, 393 U.S. 838, 89 S.Ct. 115, 21 L.Ed.2d 109 (1968). Here, the petitioner failed to answer questions which might have established the good faith of the marriage and her lack of intent to evade the immigration laws. In addition to petitioner's silence there was supporting external evidence which cast doubt on the basis for the marriage. First, the timing of the marriage itself, coming after the notice of the immigration hearing and only a day before the hearing, is suspicious. Second, an investigation by the I.N.S. failed to establish that the parties were living together as husband and wife. A letter sent to Mr. Manarolakis, at the address he supplied as his place of residence with his wife was returned "addressee unknown." Finally, the statement of the petitioner herself, during which she refused to answer certain questions, bears her married signature but misspells her husband's surname, although she had been married by that time nearly four months and allegedly knew her husband for a year prior to their wedding. In addition, when the court at the request of counsel, extended the hearing for the purpose of permitting Mrs. Manarolakis to testify, she failed to appear. Neither plaintiff has offered any evidence whatsoever beyond the marriage certificate itself, to justify the adjustment in status.

■ Plaintiffs have not substantially contested the factual or legal findings of

---

**3.** 8 U.S.C. §§ 1281–87 establish specific provisions to govern and restrict the entry of alien crewmen into the United States. These provisions provide, among other things, a conditional right of entry to the United States for twenty-nine days (8 U.S.C. § 1282(a)), as well as penalties to be levied both against crewmen who stay over the allotted time (8 U.S.C. § 1282(c)) and against officers or owners of vessels who permit alien crewmen to land without permission from the Attorney General (8 U.S.C. § 1286) or bring crewmen to the United States with intent to evade immigration laws (8 U.S.C. § 1287).

the defendant Coomey or the Board of Immigration Appeals. Rather, they assert that the defendant does not have the right or the power to deny the validity of the plaintiffs' marriage, since their marriage has been conclusively confirmed by state law. This assertion, however, completely misconstrues the purpose and effect of the I.N.S. inquiry into plaintiffs' marriage. It is clearly within the authority of the I.N.S. to make inquiry into the marriage to the extent necessary to determine whether it was entered into for the purpose of evading the immigration laws. *Bark v. Immigration and Naturalization Service*, 511 F.2d 1200 (9th Cir. 1975). This determination does not affect the legal validity of the marriage. The actual legal validity of the marriage is, in fact, completely irrelevant. *Lutwak v. United States*, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953); *DeFigueroa v. Immigration and Naturalization Service*, 501 F.2d 191 (7th Cir. 1974); *Silverman v. Rogers, supra*, 437 F.2d at 107.

Judgment will be ordered in favor of the defendants. An order will issue.