**Jamil Abdallah Masoud NASAN, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE et al., Defendants.**

**No. 77 C 3275.**

United States District Court,
N. D. Illinois, E. D.

March 24, 1978.

Minsky, Lichtenstein & Feiertag, P. C., Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

Jamil Abdallah Masoud Nasan, an Israeli citizen, files this suit seeking review of a decision made by the Department of Immigration and Naturalization denying him adjustment in his status from that of a non-immigrant visitor for pleasure to that of a permanent resident pursuant to Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255. Plaintiff seeks an order declaring that he is entitled to adjustment of status to that of a permanent resident, and an injunction prohibiting defendants, the Immigration and Naturalization Service and David V. Vandersall, the District Director of the Immigration and Naturalization Service, from taking any action to deport him pending resolution of this dispute. The cause is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rule 12, Fed.R.Civ.P. or, in the alternative, for summary judgment pursuant to Rule 56, Fed.R.Civ.P.

## I.

### THE MOTION TO DISMISS

The issue raised by this motion is whether this court has jurisdiction to review a discretionary denial of adjustment in status pursuant to Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255, in the absence of an ancillary deportation order, under any of the following provisions invoked by plaintiff to form a jurisdictional basis for this cause: the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.*; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; Section 279 of the Immigration and Nationality Act, 8 U.S.C. § 1329; or the federal question provision of 28 U.S.C. § 1331. With minor concessions, defendants contend that none of the provisions support jurisdiction for this cause and plaintiff contends that all of these provisions support jurisdiction. From the outset the following propositions are clear to this court. First, the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.* is not an independent grant of subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Second, the Declaratory Judgment Act, 28 U.S.C.

§§ 2201 and 2202, is not an affirmative grant of subject matter jurisdiction. *Stuyvesant Insurance Co. v. Dist. Dir., I.N.S., U.S.D. of Jus.*, 407 F.Supp. 1200, 1203 (N.D. Ill.1975). Third, the regulatory framework and statutory provisions of the Immigration and Nationality Act provide a method for review of a discretionary denial of adjustment in status. The regulations provide that

> [n]o appeal shall lie from the denial of an application [for adjustment in status] by the district director but such denial shall be without prejudice to the alien's right to renew his application in proceedings under Part 242 of this chapter. 8 C.F.R. § 245.2(a)(4) (1977).

Part 242, entitled Proceedings to Determine Deportability of Aliens in the United States: Apprehension, Custody, Hearing and Appeal, consists of regulatory procedures governing deportation proceedings. Accordingly, if deportation proceedings had been initiated against plaintiff, the denial of the application for adjustment in status could have been raised, once again, for review by the immigration authorities. If a final order of deportation were entered, plaintiff could then obtain review of the order denying him adjustment in status, along with the deportation order, in the court of appeals. See *Cheng Fan Kwok v. Immigration and Naturalization Service*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968); *Foti v. Immigration and Naturalization Service*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963); Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a). Deportation proceedings have not been initiated by the Immigration and Naturalization Service and this clear method of review is not available to plaintiff in the circumstances of this case. Thus, the difficult issue is whether, in the absence of such an order, this court has jurisdiction to review the discretionary denial of adjustment in status.

None of the cases cited by plaintiff support his claim that this court has subject matter jurisdiction over this cause. In *Javier v. Immigration & Naturalization Service*, 335 F.Supp. 1391 (N.D.Ill.1971), an alien admitted as a non-immigrant for pleasure submitted a petition to the Immigration and Naturalization Service [hereinafter, Service] for adjustment in status to a third preference immigrant under Section 203(a)(3) of the Immigration and Nationality Act, as amended. After the petition was denied by the District Director of the Service and deportation proceedings begun, plaintiff sought judicial review of the decision rendered by the Service. The court assumed jurisdiction to review the agency action, but the basis of assuming jurisdiction is not clearly set forth in the opinion. In *Randazzo v. Esperdy*, 334 F.Supp. 1083 (S.D.N.Y.1970), the court assumed jurisdiction over an action to review a claim by a deportable alien that the refusal of the Service to extend the time within which he could voluntarily depart was an abuse of discretion. The court doubted that it had jurisdiction, but nevertheless proceeded to review the action. *Id.* at 1085–1086. In *Mendez v. Major*, 226 F.Supp. 364 (E.D.Mo. 1963), exchange visitors sought judicial review of a decision of the District Director of the Service to withhold a favorable recommendation to the Secretary of State which would have facilitated a favorable adjustment in status. *Id.* at 365–366. The court assumed jurisdiction for this action under the Administrative Procedure Act and entered judgment for defendant. On appeal, *Mendez v. Major*, 340 F.2d 128 (8th Cir. 1965), the district court's finding of jurisdiction was upheld. The propriety of assuming jurisdiction under the Administrative Procedure Act is doubtful and this court concludes that this aspect of the decision is no longer viable in light of *Califano v. Sanders, supra*. In *Adame v. Immigration & Naturalization Service*, 349 F.Supp. 313 (N.D.Ill.1972), an alien who admitted his deportability sought review of a decision rendered by the District Director of the Service refusing to extend the time in which he could voluntarily depart. The court assumed jurisdiction to review the decision, recognizing "a *serious* question as to whether this court has jurisdiction to review the actions of the District Director

in this case . . . ." *Id.* at 315 (emphasis added). Finally, in *Shodeke v. Attorney General of United States*, 391 F.Supp. 219 (D.D.C.1975), the court held, simply, that the court of appeals had exclusive jurisdiction over orders made during the course of deportation proceedings. This case, as well as the others cited by plaintiff, is inapposite to this proceeding.

■ Although none of the cases cited by plaintiff directly support his claim of jurisdiction, this court holds that it has jurisdiction of this cause under Section 279 of the Immigration and Nationality Act, 8 U.S.C. § 1329, and 28 U.S.C. § 1331. The federal question statute provides that

> [t]he district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity. 28 U.S.C. § 1331(a).

Section 279 of the Immigration and Nationality Act, 8 U.S.C. § 1329, provides that

> [t]he district courts of the United States shall have jurisdiction of all causes, civil and criminal, arising under any of the provisions of this subchapter.

The subchapter alluded to in this section encompasses, *inter alia*, provisions dealing with deportation, and adjustment in status under Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255.

Section 279 of the Immigration and Nationality Act is a broad jurisdictional provision conferring jurisdiction in a district court over a wide variety of immigration actions. *See, e. g., Stokes v. United States, Immigration & Nat. Serv.*, 393 F.Supp. 24, 27 (S.D.N.Y.1975); *Ming v. Marks*, 367 F.Supp. 673 (S.D.N.Y.1973), *aff'd*, 505 F.2d 1170 (2d Cir. 1974), *cert. denied*, 421 U.S. 911, 95 S.Ct. 1564, 43 L.Ed.2d 776 (1975); *Buckley v. Gibney*, 332 F.Supp. 790 (S.D.N.Y.1971), *aff'd*, 449 F.2d 1305 (2d Cir. 1971),

*cert. denied*, 405 U.S. 919, 92 S.Ct. 946, 30 L.Ed.2d 789 (1972). Some courts by dicta indicate that a district court acting pursuant to Section 279 of the Immigration and Nationality Act has jurisdiction to review a denial of discretionary relief collateral to a deportation order, where the deportation itself is not challenged. *See, e. g., United States ex rel. Parco v. Morris*, 426 F.Supp. 976, 978 n.4 (E.D.Penn.1977). The government has on occasion argued that a district court has jurisdiction under Section 279 of the Immigration and Nationality Act to review the Service's denial of an adjustment in status under Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255, conceding and contending that the issues raised in such a review are collateral to any subsisting deportation order. See *Manarolakis v. Coomey*, 416 F.Supp. 532, 534 n.1 (D.Mass.1976), where the court held that it had jurisdiction to review an action based on Section 245 of the Immigration and Nationality Act, pursuant to Section 279 of the Immigration and Nationality Act, 8 U.S.C. § 1329.

The broad grant of jurisdiction contained in this section is not otherwise circumscribed by Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), the provision vesting exclusive jurisdiction over deportation matters in courts of appeal. Thus, this court concludes that it has jurisdiction over this cause under Section 279 of the Immigration and Nationality Act, 8 U.S.C. § 1329 and 28 U.S.C. § 1331(a). This conclusion is supported by the observation in *Cheng Fan Kwok v. Immigration and Naturalization Service*, that

> [i]n situations to which the provisions of § 106(a) [8 U.S.C. § 1105a] are inapplicable, the alien's remedies would, of course, ordinarily lie first in an action brought in an appropriate district court. 392 U.S. at 210, 88 S.Ct. at 1973.

## II.

### THE MOTION FOR SUMMARY JUDGMENT

Defendants have moved for summary judgment on the ground that a review of

248

the administrative record in this case will show that there is no issue of material fact and that they are entitled to judgment as a matter of law. Plaintiff has not submitted any affidavits in opposition to defendants' motion or the administrative record. After review of the complaint, motion, and memoranda of the parties, the court concludes that summary judgment should be entered for defendants.

Plaintiff arrived in New York state on February 26, 1976 with a one-way ticket to Chicago, Illinois and $400 in cash. He applied for status as a non-immigrant visitor for pleasure in order to visit his cousin, Hamidi Hamideh, in Chicago, Illinois. Since plaintiff did not have a round trip ticket back to his native land of Israel, inspection and admission to the United States was deferred to the Chicago area office of the Immigration and Naturalization Service to provide plaintiff an opportunity to obtain a return ticket and establish his admissibility to the United States. On April 15, 1976, plaintiff appeared at the Chicago area office of the Service with the requisite support documents and, on the basis of his good faith representations, was admitted to this country as a non-immigrant visitor for pleasure until May 31, 1976, the validity date of his return ticket to Israel. In seeking admission to this country with this status, plaintiff filed a statement with the immigration authorities acknowledging the limitations and conditions of his stay: (1) that he could not take a job while in the United States; and (2) that he was obliged to leave the country on a date fixed by the immigration authorities.

Shortly after admission, on April 23, 1976, plaintiff applied for a change in status to that of a permanent resident pursuant to Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255. The application was denied on June 13, 1977. In denying the application for a change in status, the immigration authorities reviewed their records and made the following findings:

Your record further indicates that on March 23, 1976, you received a bank draft for $10,000.00 through the Republic Na-

tional Bank of New York. Ten days later, according to an affidavit executed by your cousin, Halib Hamideh [sic], you deposited this draft in his account for the purpose of purchasing 1,000 chares [sic] of corporate stock in Skips Liquors.

From the foregoing evidence, it is clear that between the time you arrived in the United States on February 26, 1976, and the time you were admitted to the United States as a visitor for pleasure on April 15, 1976, you undertook steps to invest in Skips Liquors and to thereby remain in the United States permanently. One week following your admission to this country, you submitted an application for adjustment of status based upon an investment which you had in fact made prior to your admission to the United States. On April 15, 1976, you were not, therefore, a bonafide [sic] nonimmigrant visitor for pleasure, but in fact an immigrant not in possession of a valid unexpired immigrant visa.

In the Mater [sic] of Fuentes-Blanco, 13, Interim Decision 128, the Board of Immigration Appeals held that even though a person is statutorily eligible for the benefits of Section 245 of the Act, such benefits will generally be denied as a matter of discretion to one who comes to the United States with a preconceived intention to remain permanently.

Evidence contained in your record indicates that on April 15, 1976, you did in fact enter the United States with a preconceived intent to remain permanently.

On the basis of these findings, the United States Immigration and Naturalization Service, in its discretion, denied plaintiff's application for adjustment in status to that of a permanent resident.

The facts of your case do not merit the favorable exercise of administrative discretion. Your application for adjustment of status to that of lawful permanent resident of the United States is, therefore, denied.

Plaintiff seeks review of this decision.

The adjustment in status sought by plaintiff is governed by Section 245 of

the Immigration and Nationality Act, 8 U.S.C. § 1255, which provides that

> [t]he status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence . . . . 8 U.S.C. § 1255(a)

The relief provided by this section is extraordinary and in order to secure the relief the alien has the burden to show (1) that the statutory requirements of inspection, admission, application, and eligibility have been met; and (2) that the Attorney General through his designate, the Immigration and Naturalization Service, should exercise favorable discretion. See *Ameeriar v. Immigration and Naturalization Service*, 438 F.2d 1028 (3rd Cir.), *cert. dismissed*, 404 U.S. 801, 92 S.Ct. 21, 30 L.Ed.2d 34 (1971); *Chen v. Foley*, 385 F.2d 929 (6th Cir. 1967), *cert. denied*, 393 U.S. 838, 89 S.Ct. 115, 21 L.Ed.2d 109 (1968). Under applicable law, a preconceived intent to bypass normal procedures for obtaining permanent residence is a recognized basis for denying adjustment in status. *Ameeriar v. Immigration and Naturalization Service, supra.*

The burden of proof in petitions for adjustment in status rests upon the petitioner who must demonstrate the merit of his petition. *Manarolakis v. Coomey*, 416 F.Supp. 532, 535 (D.Mass.1976). Assuming petitioner is eligible for adjustment in status under Section 245 of the Act, once the Attorney General, through his designate, exercises his discretion, it is only in cases of abuse of discretion will his decision be overturned. See *Soo Yuen v. United States Immigration and Naturalization Service*, 456 F.2d 1107 (9th Cir. 1972); *Lee v. Immigration and Naturalization Service*, 446 F.2d 881 (9th Cir. 1971); *Thomaidis v. Immigration and Naturalization Service*, 431 F.2d 711 (9th Cir. 1970), *cert. denied*, 401 U.S. 954, 91 S.Ct. 973, 28 L.Ed.2d 237 (1971); *Chen v. Foley, supra.* Other standards have been employed. For instance in *Jarecha v. Immigration and Naturalization Service*, 417 F.2d 220 (5th Cir. 1969), the court held that judicial review of the denial of discretionary relief, incident to a depor-

tation proceeding is subject to limited review to determine whether discretion was exercised arbitrarily or capriciously and whether the findings of fact made pursuant thereto are supported by substantial evidence. Although there are, arguably, different standards of review which could be employed, the court concludes that under any applicable standard, judgment must be entered for defendants.

On February 26, 1976, plaintiff Jamil Abdallah Masoud Nasan, an alien with experience in bartending, entered this country with the expressed intention of visiting his cousin, Hamidi Hamideh, president of a Chicago area liquor store. Shortly after his arrival, on or about March 23, 1976, a check in the amount of $10,000 was issued to plaintiff. This money was deposited to the account of Hamidi Hamideh on April 2, 1976, thirteen days before plaintiff was formally admitted to this country as a non-immigrant for pleasure. This money was subsequently used to purchase shares in the liquor store with which Hamidi Hamideh is associated. Plaintiff was admitted to this country as a non-immigrant for pleasure on April 15, 1976. Five days after his admission, the purchase of stock in the liquor store was initiated.

On these facts, it is clear that this record provides substantial evidence for defendants' conclusion that plaintiff entered this country with a preconceived intention to remain as a permanent resident; the decision of the Immigration and Naturalization Service was neither arbitrary nor capricious, nor an abuse of discretion. Therefore, the court concludes that there was ample justification for the discretionary denial in adjustment in status under Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255, and orders that summary judgment be entered for defendants and against plaintiff.

So ordered.